UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REHAB MANAGEMENT SOLUTIONS, LLC,

    Plaintiff,

v.

Case Number 11-11990-BC
Honorable Thomas L. Ludington

DIVERSA CARE THERAPEUTICS, INC.,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION**

This case involves a dispute between co-owners of a Michigan limited liability company over the company's profits. The question presented is whether res judicata or collateral estoppel bars one owner from compelling the other to submit the dispute to arbitration.

The Court previously answered this question in the negative, determining that neither res judicata nor collateral estoppel bars this suit. *Rehab Mgmt. Solutions, LLC v. Diversa Care Therapeutics, Inc.*, No. 11–11990–BC, 2011 WL 4088300 (E.D. Mich. Sept. 14, 2011). The defendant moves for reconsideration of the Court's decision. ECF No. 11. For the following reasons, the motion will be denied.

**I**

Plaintiff Rehab Management Solutions, LLC, is a Wisconsin limited liability company. Defendant Diversa Care Therapeutics, Inc., is a Michigan corporation. In 2001, Plaintiff and Defendant agreed to form a Michigan limited liability company, Saginaw Physical Therapy and Rehab Specialty, LLC ("Company"). The Company's operating agreement provides that Plaintiff receives forty percent of the profits, Defendant receives sixty percent. It further

provides that the parties will share management and administration of the Company. And it provides that all disputes arising out of the agreement will be settled by arbitration. Specifically, § 13.7 of the operating agreement provides "Any dispute arising with respect to this Operating Agreement, its making or validity, its interpretation, or its breach shall be settled by arbitration in Kenosha, Wisconsin, pursuant to the then-obtaining rules of the American Arbitration Association." Compl. Ex. 1, at 19, ECF No. 1-2.

On October 31, 2007, Plaintiff filed suit against Defendant in the Saginaw County Circuit Court alleging that Defendant breached the operating agreement. During October 2007, the complaint alleges, Defendant breached the operating agreement by freezing Plaintiff out of the management and administration of the Company. The same day that Plaintiff filed its complaint, Plaintiff also filed a demand for arbitration with the American Arbitration Association.

Defendant counterclaimed in state court and the litigation continued in that court; Plaintiff did not pursue its demand for arbitration. But while Plaintiff repeatedly propounded discovery on Defendant, it did not respond to Defendant's discovery requests. As a discovery sanction, on March 19, 2010, the state court dismissed Plaintiff's complaint.

In February 2011, the state court again sanctioned Plaintiff, entering default judgment in favor of Defendant on the counterclaim and setting a hearing for damages. Plaintiff then moved to dismiss the case in favor of arbitration. The court denied the motion. Noting that Plaintiff had "repeatedly sought discovery" and "filed motions for summary disposition," the court decided that Plaintiff "waived [its] right to rely upon arbitration as a defense to theis [sic] suit." Def.'s Mot. to Dismiss Ex. E, at 1, 2, ECF No. 6-6.

On May 5, 2011, Plaintiff filed suit in this Court. Invoking the Court's diversity jurisdiction, the complaint alleges that Defendant breached the operating agreement by not

disbursing the Company profits to Plaintiff from October 2007 to present. As a remedy, the complaint seeks an order directing Defendant to arbitrate the dispute pursuant to the operating agreement.

Defendant responded by moving to dismiss. Defendant argued that because of the state court's decision that Plaintiff "waived [its] right to rely upon arbitration as a defense theis [sic] suit," Plaintiff's arbitration demand in this case is barred by res judicata and collateral estoppel.

The Court denied Defendant's motion. Res judicata (claim preclusion) does not bar this suit, the opinion explained, because the state court case does not share the "same evidence" or the "same transaction" as this case. In state court, Plaintiff complains that during October 2007 it was frozen out of the Company's management and administration. Here, Plaintiff complains that it has not received its share of the Company's profits since October 2007. The evidence necessary to establish the claims are different. The transactions at issue are different. Res judicata does not apply.

Collateral estoppel (issue preclusion) also does not bar this suit, the opinion further explained. The state court concluded that Plaintiff had waived its entitlement to compel arbitration of that dispute by initiating the suit in that court, litigating the case in that court (including discovery and motion practice), and only moving to compel arbitration once the court dismissed Plaintiff's complaint and entered default judgment for Defendant on the counterclaim. The arbitration clause was not essential to the state court's decision, Plaintiff's conduct was. Accordingly, the waiver of the right arbitrate the management of the company in that case does not preclude Plaintiff from compelling arbitration on a different cause of action in this case.

Defendant now moves for reconsideration of this Court's decision denying the motion to dismiss, contending that collateral estoppel bars Plaintiff's request for arbitration.

II

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for reconsideration. E.D. Mich. L.R. 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id*. "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (citation and quotation marks omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

III

Defendant begins by conceding that res judicata (claim preclusion) does not bar Plaintiff's request for arbitration. *See* Def.'s Br. in Supp. Mot. for Reconsideration 1 ("Def.'s Br."). But, Defendant argues, collateral estoppel bars the suit because "the ongoing claims regarding the Limited Liability Company members has [sic] been retained by Judge Borchard and will eventually be litigated before the judge in a bench trial." Def.'s Mot. for Reconsideration ¶ 4, ECF No. 11 ("Def.'s Mot."). Defendant elaborates on its argument:

> Such information above serves to provide information which may lead this Court to believe that it had been "misled" by the incomplete record at the time the Motion to Dismiss was filed. Of note is the fact that counsel could not file the above information at the time the Motion to Dismiss was filed because the case had not yet been tried yet and Judge Borchard had not yet ruled on whether or not he was going to conduct a contemporaneous bench trial along with the jury trial. Hence, this is information which the defendant could not have brought to this Court's attention at the time the original Motion to Dismiss had been filed. . . .
>
> For clarity, the defendant does not claim that the substantive claims back in November of 2007 are consistently the substantive claims being presented at this juncture; Instead, the defendant contends that it is the request for arbitration that is the issue which has been ruled upon. The same way that the request for arbitration relief has been ruled upon and serves as res judicata, the defendant also submits that the precise issue of the right to arbitration is an issue that has been ruled upon by the State Court and which is collaterally estopped for purposes of a right to relief in this Court.

*Id.* ¶¶ 5, 7 (emphasis omitted); *see also* Def.'s Br. 1 ("[D]efendant does not contest that the purported substantive issues of the most recent request for arbitration differ from the prior request for arbitration. Nevertheless, that difference does not bear upon whether or not claimed preclusion should, nevertheless, attach."). Defendant's argument is unpersuasive.

As previously noted, in diversity cases "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). Under Michigan law, collateral estoppel precludes relitigation of an issue when: "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v. Titus*, 751 N.W.2d 493, 500 (Mich. 2008).

"An issue is actually litigated if it is put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact." *In re Markowitz*, 190 F.3d 455, 462 (6th Cir. 1999)

(citing *Latimer v. Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. Ct. App. 1986)) (applying Michigan law).

"This doctrine is strictly applied in that the issues in both cases must be identical, and not merely similar." *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 782 (Mich. Ct. App. 2002) (alterations and quotation marks omitted) (quoting *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz*, 521 N.W.2d 847, 850 (Mich. Ct. App. 1994) (per curiam)); *see generally* Austin Wakeman Scott, *Collateral Estopel by Judgment*, 56 Harv. L. Rev. 1, 1–6 (1942) (discussing policy reasons for and against collateral estoppel).

In this case, as noted, Defendant asserts that "the ongoing claims regarding the Limited Liability Company members has [sic] been retained by Judge Borchard and will eventually be litigated before the judge." Def.'s Mot. ¶ 4.  With this, Defendant implicitly concedes that a final judgment has not yet been rendered in the state court action.  Consequently, Plaintiff is not collaterally estopped in this case.

Likewise, Defendant writes that it "does not contest that the purported substantive issues of the most recent request for arbitration differ from the prior request for arbitration." Def.' Br. 1.  With this, Defendant implicitly concedes that Plaintiff is not collaterally estopped in this case.  The "substantive issues" in the two cases are different.

Arguing against this conclusion, Defendant asserts that the relevant "issue" for collateral estoppel purposes is Plaintiff's "request for arbitration," not the substantive issues raised in the respective cases.  Defendant's argument is unpersuasive.

"Collateral estoppel means simply that when an issue of fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in

any future lawsuit." *Wilcox v. Sealey*, 346 N.W.2d 889 (Mich. Ct. App. 1984) (internal alterations and quotation marks omitted) (quoting *Ashe v Swenson*, 397 U.S. 436, 443 (1970)).

The Supreme Court similarly cautions that collateral estoppel is "confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 599–600 (1948); *see generally Developments in the Law — Res Judicata*, 65 Harv. L. Rev. 818, 841 & n.12 (1952) (collecting cases holding that "where one party fails to raise a claim or defense in one action, he is not precluded from doing so in another action involving similar issues").

The issue raised in this case is not identical in all respects to that decided in the state court case. In this case, the question is whether the terms of the Company's operating agreement require arbitration of the dispute over the Company's profits. Essentially, it is a question of contract construction. In the state court case, in contrast, the decision was based on Plaintiff's course of conduct during that litigation. The court decided that Plaintiff had waived its entitlement to compel arbitration of that dispute by initiating the suit in that court, litigating the case in that court (including discovery and motion practice), and only moving to compel arbitration once the court dismissed Plaintiff's complaint and entered default judgment for Defendant on the counterclaim. Thus, the state court wrote, because Plaintiff had "repeatedly sought discovery" and "filed motions for summary disposition," Plaintiff "waived [its] right to rely upon arbitration as a defense to theis [sic] suit." The waiver in that suit does not collaterally estop Plaintiff from seeking arbitration in this case.

Reinforcing this conclusion is the Supreme Court's instruction in "that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of

arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983). Defendant's motion for reconsideration will be denied.

## IV

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration (ECF No. 11) is **DENIED**.

/s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 9, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 9, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS