UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REHAB MANAGEMENT SOLUTIONS, LLC,

    Plaintiff,

v.

                                                  Case Number 11-11990-BC
                                                  Honorable Thomas L. Ludington

DIVERSA CARE THERAPEUTICS, INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

      This case involves a dispute between co-owners of a Michigan limited liability company over the company's profits. In 2001, Plaintiff Rehab Management Solutions, LLC, and Defendant Diversa Care Therapeutics, Inc., agreed to form a Michigan limited liability company, Saginaw Physical Therapy and Rehab Specialty, LLC. On May 5, 2011, Plaintiff filed suit in this Court against Defendant alleging that Defendant breached the operating agreement by not disbursing company profits to Plaintiff from October 2007 to present. ECF No. 1. As a remedy, the complaint seeks an order directing Defendant to arbitrate the dispute per the terms of the operating agreement.

      Defendant timely responded by moving to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 6. The Court denied the motion. ECF No. 9. Defendant moved for reconsideration. ECF No. 11. On May 9, 2012, the Court denied the motion for reconsideration. ECF No. 16.

      Six weeks passed. Neither party took any action in the case. On June 29, 2012, the Court entered an order directing Plaintiff to show cause why the case should not be dismissed for

failure to prosecute. ECF No. 17. The Court directed a response on or before July 19, 2012. On July 17, 2012, Defendant answered the complaint. ECF No. 18. The same day, Plaintiff moved for default judgment against Defendant. ECF No. 20.

The threshold question is whether Defendant is in default. Rule 12 provides that when a motion to dismiss brought pursuant to that rule is denied, the movant's "responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

In this case, as noted, the order denying Defendant's motion for reconsideration was entered on May 9, 2012. An answer was therefore due on or before May 23, 2012. The answer was not filed until July 17. A short time later, Plaintiff's motion for default judgment was filed.

Although the answer was almost two months late, it is not obvious that Defendant is in default since Defendant electronically docketed its answer before Plaintiff electronically docketed its motion for default judgment. *See Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (holding that late-filed motion to dismiss cured the defendants' default because the defendants' motion was filed before the plaintiff's motion for default judgment); *but see John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (holding that late-filed answer did not cure default, but rather "is analogous to a motion to vacate a default").

Even if it is assumed that by not timely filing an answer Defendant was in default, and that the late-filed answer did not cure the default, Plaintiff has not demonstrated that Defendant's conduct justifies striking the answer and entering default judgment in Plaintiff's favor.

Rule 55 establishes the two-step procedure in federal practice for entry of default judgment. First, subsection (a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] Subsection (b), in turn, provides that a plaintiff may apply to the clerk for entry of default judgment when "the plaintiff's claim is for a sum certain . . . . In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)–(2).

Here, Plaintiff has sought a default judgment in this Court without first seeking entry of default. Because Plaintiff has not followed the two-step procedure of Rule 55, "procedurally default judgment is improper because as a condition precedent entry of default should be entered by the clerk on application by the plaintiff and this has not been done." *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (citing Fed. R. Civ. P. 55).

Nevertheless, under such circumstances a court has the discretion to consider the motion for default judgment as a motion for entry of both default and default judgment. *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005) ("When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, the court can treat such motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment."). If the court elects to exercise its discretion, "the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Id.* (citing Charles Alan Wright et al, Federal Practice and Procedure § 2685).

As a general matter, default judgment is disfavored because of the "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193

---

[1] "Although Rule 55(a) refers to the entry of default by the clerk, it is well-established that a default also may be entered by the court." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005) (quotation marks omitted) (quoting *Breuer Electric Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)).

(6th Cir. 1986). The Sixth Circuit cautions: "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983); *see Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (enumerating factors a court should consider in evaluating motion for default judgment).

This is not an extreme case. After the complaint was filed, Defendant timely moved to dismiss it. After the motion was denied, Defendant answered before Plaintiff moved for default judgment. Any default was slight rather than substantial. Moreover, Plaintiff has not alleged (much less demonstrated) any prejudice. Accordingly, the Court will not enter default judgment against Defendant and in favor of Plaintiff. Although Plaintiff may be entitled to the substantive relief sought in the motion — compelling arbitration — under the circumstances a motion for default judgment is not the proper vehicle for obtaining this relief.

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment (ECF No. 20) is **DENIED**.

/s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 30, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS